UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROBBY TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-209-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Bobby Travis is confined by the Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Travis has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] and an amended petition [Record No. 11] challenging his federal sentence. However, § 2241 is not the proper vehicle for obtaining the particular relief sought. Additionally, Travis's underlying argument is without merit. As a result, the petition and amended petition will be dismissed.

**I.**

On February 23, 2010, a Tennessee federal grand jury returned a ten-count indictment against Travis, charging him with nine counts of possession of cocaine base with intent to distribute and distribution in violation of 21 U.S.C. § 841 (Counts One through Nine) and one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g) (Count Ten). *United States v. Robby Travis*, No. 2:10-CR-20096-SHM (W.D. Tenn. 2010) [Record No. 1, therein]  On October 28, 2010, Travis pled guilty to Counts One

-1-

and Ten pursuant to a written plea agreement.  [Record No. 34, therein]  On March 30, 2011, the Court determined that Travis was a Career Offender as defined by the United States Sentencing Guidelines ("U.S.S.G."), § 4B1.1, based on his prior controlled substance convictions.  Notwithstanding this conclusion, the Court granted a downward variance and sentenced him to serve 108-month prison term.  [Record No. 49, therein]  The Judgment was entered on March 31, 2011.  [Record No. 51, therein]  Travis did not appeal.[1]

In November 2011, Travis filed a motion to set aside his sentence under 28 U.S.C. § 2255.  *Robby Travis v. United States*, No. 2:11-CV-03035-SHM-dkv (W.D. Tenn. 2011) [Record No. 1, therein]  In support, Travis asserted that the district court had erroneously sentenced him as a Career Offender and that he was eligible for a sentence reduction under the Fair Sentencing Act ("FSA") of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010).  The district court rejected these arguments.  [Record No. 8, therein]  The district court explained that Travis was a Career Offender under the sentencing guidelines based on his three prior controlled substance convictions.  [*Id.*][2]  Again, Travis did not appeal the decision.

---

[1]     Travis, BOP Register No. 23503-076, has a tentative release date of January 22, 2018. *See* http://www.bop.gov/inmateloc/(last visited on November 16, 2015).

[2]     The district court identified Travis's prior convictions as follows:

> 1. On November 20, 2001, Defendant was convicted of possession of under .5 grams of crack cocaine with intent to distribute and possession of a loaded 12 gauge shotgun in Shelby County Criminal Court Case No. 02-05788 (offense conduct occurring on August 29, 2000).

> 2. On December 3, 2001, Defendant was convicted of possession of under .5 grams of crack cocaine with intent to distribute in Shelby County Criminal Court Case No. 01-06034 (offense conduct occurring January 12, 2001).

## II.

In his current § 2241 petition, Travis challenges his 108-month sentence based on the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551 (2015). In *Johnson*, the Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B)(ii),[3] holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C.A. § 924(e)(1).

In his original habeas petition and amended habeas petition, Travis provides little background information in support of his claims. Instead, he summarily asserts that *Johnson* now renders his 108-month sentence invalid. Broadly construing Travis's submissions, he likely contends that because *Johnson* held the residual clause in the ACCA to be unconstitutionally vague, his enhanced sentence under the Sentencing Guidelines (by

---

3. Defendant was arrested on July 28, 2001, for two offenses. On June 7, 2002, Defendant was convicted of possession of under .5 grams of cocaine and over one-half ounce of marijuana with intent to sell in Shelby County Criminal Court Case No. 02-02024 (offense conduct occurring July 25, 2001).

[*Id*., p. 7, therein]

[3]      Defendants who are convicted under 18 U.S.C. § 922(g) (e.g., felon possessing a firearm) and have three previous convictions for a "violent felony or serious drug offense" are subject to an enhanced sentence under the ACCA. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

   (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii)     is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

*Id*. § 924(e)(2)(B) (emphasis added). The italicized portion is known as the "residual clause."

-3-

analogy) violates his right to due process set forth in the Fifth Amendment of the United States Constitution. Travis likely contends that *Johnson* announces a new substantive rule of constitutional law which applies retroactively to final convictions, and that his remedy under § 2255 was inadequate and ineffective to challenge his federal detention. Travis seeks an order which vacates his current sentence and imposes a reduced sentence. [Record No. 1, p. 8; Record No. 11, p. 7]

### III.

As a general rule, Title 28 of the United States Code, § 2255, provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if the prisoner is challenging issues relating to the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence is 28 U.S.C. § 2255, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, however, Travis is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility (i.e., issues which fall under the purview of § 2241). Instead, he contends that his sentence violates his due process constitutional rights and that, based on the Supreme Court's recent holding in *Johnson*, he should receive a reduced prison sentence, absent the enhancements which were based on his prior convictions.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d

-4-

303, 306–07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Id.*  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Id.*, 180 F.3d at 756.  Travis has not met that burden.

        First, Travis does not contend that he is actually innocent of the drug and firearm offenses of which he was convicted; he argues only that his sentence was enhanced utilizing an unconstitutionally-vague standard.  That argument is insufficient under § 2241, because the United States Court of Appeals for the Sixth Circuit has repeatedly held that claims of sentencing error may not serve as the basis for an actual innocence claim.  *See Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x. 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241).  Because Travis merely asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences, Travis has not alleged an actual innocence claim that is cognizable under § 2241.

Second, the holding in *Johnson* is wholly inapplicable here. Travis's sentence was not based on the residual clause of the ACCA. The non-binding guideline range for his sentence was enhanced under U.S.S.G. § 4B1.1, based on his prior controlled substance offenses, which are defined under U.S.S.G. § 4B1.2(b). The residual clause of U.S.S.G. § 4B1.2(a)(2) defines a "crime of violence" in the same manner that the ACCA defines the term, but the residual clause was not relevant to Travis's sentence because Travis's guideline calculation was based on three prior qualifying convictions involving *controlled substances*.[4] Travis's qualifying offenses for application of U.S.S.G. § 4B1.1 did not require application of the definition of a crime of violence, or the residual clause, in § 4B1.2(a). Thus, the residual clause of U.S.S.G. § 4B1.2(a)(2) was not a factor in Travis's federal sentence, and *Johnson*'s holding, which invalidated only the residual clause of the ACCA, does not apply.

**IV.**

Travis has not demonstrated that he is entitled to the relief requested. Accordingly, it is hereby

**ORDERED** as follows:

1.     Petitioner Robby Travis's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] and his amended habeas petition [Record No. 11] are **DENIED**.

2.     This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

---

[4]     Moreover, provisions of the Sentencing Guidelines are not subject to the same due process challenge as the ACCA. *United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (finding that the vagueness doctrine does not apply to the residual clause in the Sentencing Guidelines); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (The Sentencing Guidelines are not subject to challenge based on a claim of void for vagueness). Thus, while the residual clause of the ACCA may be void for vagueness, the residual clause in U.S.S.G. § 4B1.2(a) is not.

This 23rd day of November, 2015.



Signed By:

***Danny C. Reeves***

**United States District Judge**